UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DR. V.I. FABRIKANT,<br><br>    Plaintiff,<br><br>v.<br><br>DR. E. KARAPETIAN,<br><br>    Defendant. | Civil Action No. 22-CV-12157-AK |

## MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

Plaintiff Dr. V.I. Fabrikant, who is representing himself in this matter, has filed a complaint against Dr. E. Karapetian concerning the authorship of two scientific articles for which Fabrikant, Karapetian, and Dr. S.V. Kalinin were all listed as authors.[1] [Dkt. 1 ("Compl.")]. Fabrikant, who is incarcerated in Canada, represents that Karapetian is a professor in the Department of Mathematics and Computer Science at Suffolk University in Boston, MA, and is Fabrikant's former mentee. Fabrikant has also filed an Application to Proceed in District Court without Prepayment Fees or Costs (the "Application").[2] [Dkt. 4]. For the reasons stated below, the Court **DISMISSES** this action for lack of subject matter jurisdiction and **DENIES AS MOOT** the Application.

---

[1] The Court takes judicial notice that Fabrikant has filed a lawsuit against Kalinin in the United States District Court for the Eastern District of Tennessee. See Fabrikant v. Kalinin, C.A. No. 23-00064-KAC-DCP (E.D. Tenn.).

[2] Where a plaintiff is proceeding without prepayment of the filing fee, the Court conducts a preliminary review of the pleading and may dismiss the complaint, or any claim therein, that is malicious, frivolous, fails to state a claim up on which relief may be granted, or seeks monetary damages against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

I.  **COMPLAINT**

In the complaint, Fabrikant alleges:

> About 5 years ago, the Defendant suggested to the Plaintiff that he (Defendant) would get a grant of 30,000 from Dr. Kalinin (Oak Ridge National Laboratory); in exchange for a part of this money, the Plaintiff had to undertake publishing of 2 articles, including both the Defendant and Dr. Kalinin as co-authors. As the Plaintiff's wife was in dire need of money, he agreed to these conditions.

[Compl. at ¶ 2]. Fabrikant states that, pursuant to this agreement, he wrote two articles which were published in separate scientific journals. [Id. at ¶ 3]. Fabrikant was the first-listed author for both publications. [Id.]. He claims that "[t]he scientific contribution of the Defendant and Dr. Kalinin in both articles was exactly zero." [Id.]. Fabrikant represents that his wife received $7,500 from Karapetian for authoring the articles and that Karapetian "got the rest of the $30,000." [Id. at ¶ 4]. Fabrikant does not indicate whether he, Karapetian, and Kalinin had agreed on what portion of the $30,000 grant money Fabrikant would receive.

Fabrikant alleges that, as he is "nearing his death, it has become imperative to set the record straight and to reclaim his authorship of the articles." [Id.]. Fabrikant asks that the Court order Karapetian to write letters to the editors of the two journals "admitting that his scientific contribution to both articles was exactly zero" and to "transmit to the Plaintiff the remainder $22,500 of the $30,000 grant." [Id. at ¶ A].

III.  **SUBJECT MATTER JURISDICTION**

A court has an obligation to inquire *sua sponte* into its own subject matter jurisdiction, whether or not the filing fee has been resolved. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004). Federal courts are of limited jurisdiction, "and the requirement of subject-matter jurisdiction 'functions as a restriction on federal power.'" Fafel v. Dipaola, 399 F.3d 403, 410 (1st Cir. 2005) (quoting Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S.

694, 702 (1982)).  "The existence of subject-matter jurisdiction 'is never presumed.'"  Id. (quoting Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998)).  Rather, federal courts "must satisfy themselves that subject-matter jurisdiction has been established."  Id.  "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3).

Federal district courts may exercise jurisdiction over civil actions arising under federal law (meaning under the laws of the United States, rather than under the laws of the States), see 28 U.S.C. § 1331 ("Section 1331"), and over certain actions in which the parties are domiciled in different states and the amount in controversy exceeds $75,000, see 28 U.S.C. § 1332 ("Section 1332").

Here, it appears that the Court lacks subject matter jurisdiction over this action.  Fabrikant does not identify any cause of action arising under federal law, nor can the Court discern one under the facts alleged.  Therefore, the Court does not have subject matter jurisdiction under Section 1331.  Further, it does not appear that the Court has subject matter jurisdiction under Section 1332 because the Court cannot reasonably infer that the amount in controversy exceeds $75,000.  Fabrikant seeks $22,500 in damages, which falls far below the required amount in controversy for jurisdiction under Section 1332.  Moreover, Fabrikant's request that the Court require Karapetian to write letters "admitting that his scientific contribution to both articles was exactly zero" does not push the amount in controversy over the $75,000 threshold.  Fabrikant has already bargained away for less than $30,000 any intangible benefit to being listed as the sole author.  That he now regrets doing so does not allow him to assign a higher value to that benefit for the purpose of a lawsuit.

There is no basis for the Court's subject matter jurisdiction pursuant to Section 1331 or Section 1332 on the face of the complaint, and this action must be dismissed.

## IV. CONCLUSION

In accordance with the above, the Court hereby orders that this action is **DISMISSED** for lack of subject matter jurisdiction, and that the Application [Dkt. 4] is **DENIED AS MOOT**.

**SO ORDERED.**

Dated: May 9, 2023                    /s/ Angel Kelley
                                      Hon. Angel Kelley
                                      United States District Judge